**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0322n.06
Filed: May 8, 2007

**06-2066**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| DARNELL ZANDERS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| JOHN E. POTTER, Postmaster General, | ) | EASTERN DISTRICT OF MICHIGAN |
| United States Postal Service, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

Before: DAUGHTREY and GIBBONS, Circuit Judges, and SCHWARZER,[*] District Judge.

PER CURIAM. The plaintiff, Darnell Zanders, appeals from the district court's grant of summary judgment to the defendant, John Potter, the Postmaster General of the United States Postal Service, in this suit brought pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e - 2000e-17. Zanders, an African-American male, alleged that he was the victim of racial discrimination because his supervisor, John Talick, placed a letter of warning in Zanders's file as a result of acts and omissions that the plaintiff asserts were also committed by a white male who did not receive similar discipline from his superiors.

---

[*]The Hon. William W Schwarzer, United States District Judge for the Northern District of California, sitting by designation.

The district court concluded that because the letter of warning did not result in a loss of position, salary, benefits, or prestige, it could not be considered an adverse employment action of the type necessary to establish a *prima facie* case of discrimination. In fact, the record in this case indicates that Zanders has continued to receive salary increases, "spot" awards, and excellent evaluations even after the issuance of the letter of warning.

Alternatively, the district court determined that "even if Plaintiff were able to demonstrate an adverse employment action, Defendant would still be entitled to summary judgment because Plaintiff has not shown that he 'was treated differently than similarly situated individuals outside of his protected class.'" In reaching that conclusion, the district judge noted that, although Zanders and the white male filled the same supervisory position, the white male did so only on an interim basis while the plaintiff was on another assignment and that "the expectations for an employee in a non-supervisory role who temporarily assumes a supervisory role would be lower, or at least different, than the expectations for a permanent manager."

The district court in this case has ably summarized the relevant evidence and has correctly identified the applicable law. Given that treatment of the plaintiff's claims, the issuance of a full, written opinion by this court would be duplicative and would serve no precedential purpose. We therefore AFFIRM the judgment of the district court upon the reasoning set forth in that court's opinion and order filed on July 21, 2006.